# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **ERIC FRIEDLANDER,** | **CIVIL ACTION NO. 5:14-299-KKC** |
|     **Plaintiff,** | |
| **V.** | **OPINION AND ORDER** |
| **FIFTH THIRD BANK, INC.,** | |
|     **Defendant.** | |

This matter is before the Court on Plaintiff Eric Friedlander's motion to remand. (DE 4). Defendant Fifth Third Bank, Inc. filed a Notice of Removal on July 23, 2014 (DE 1) after the State Court dismissed the non-diverse defendant on July 16, 2014. Friedlander seeks remand, pursuant to 28 U.S.C. § 1447(c), alleging that Fifth Third's Notice of Removal is untimely. Friedlander contests that Fifth Third knew that this action was removable on May 14, 2014—the date of global mediation where Friedlander agreed to settle all claims with the non-diverse defendant.

For reasons stated below, the Court will deny Friedlander's motion to remand.

## I.

Friedlander filed his Complaint against James Figuerado, St. Thomas Glen Resorts LLC, and Fifth Third in the Fayette Circuit Court on November 27, 2013. (DE 1-2). Friedlander is a citizen of Kentucky, Figuerado is a citizen of Florida, St. Thomas Glen Resorts is a citizen of Florida and Kentucky, and Fifth Third is a citizen of Ohio; therefore, removal was improper while St. Thomas Glen Resorts was a party to the action. On May 14, 2014, the parties engaged in global mediation. Friedlander reached an agreement to settle with Figuerado and St. Thomas Glen Resorts and filed a Stipulation and Agreed Order of Dismissal on July 16, 2014. (DE 1-2). Fifth Third filed a notice of removal on July 23, 2014. (DE 1). Friedlander only contests Fifth Third's timeliness.

## II.

A civil action may be removed from a state court if the federal courts would have had original jurisdiction based on diversity of citizenship, 28 U.S.C. § 1441, provided that no defendant "is a citizen of the State in which such action is brought." *Id.* § 1442(b)(2). Defendants must file a notice of removal "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading," *id.* § 1446(b)(1), or "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

The interests of comity and federalism require strict construction of the statutes conferring jurisdiction to the federal courts on removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). Removal must occur within thirty days of a defendant's knowledge that the action is removable; however, "§ 1446(b) starts the thirty-day period running from the date that a defendant has *solid* and *unambiguous* information that the case is removable." *Holston v. Carolina Freight Carriers Corp.*, No. 90-1358, 1991 WL 112809, at *3 (6th Cir. June 26, 1991) (emphasis added). Solid and unambiguous information that a case is removable includes formal documents that "trigger" a defendant to seek removal. *See id.* at *4. Section 1446(b)'s reliance on a formal trigger[1] is meant to prevent defendants from manipulating the rules of procedure. *See id.* (noting that a defendant cannot "sit upon information" and "force the plaintiff to exhaust his resources in state court" until the defendant decides that it is the right time to seek removal); *see also* David D. Siegel, *Commentary on 1988 Revision of Section 1446, reprinted at* 28 U.S.C. § 1446 (noting that the removal procedures should not invite confusion or "tactical chicanery").

---

[1] The Court notes that a number of different *documents* may serve as "formal triggers." These may include deposition testimony, *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 466 (6th Cir. 2002), an executed release, *Oakes v. Allstate Ins. Co.*, No. 505CV174R, 2005 WL 3134042, at *2 (W.D. Ky. Nov. 19, 2005), formal discovery responses, *Bechtelheimer v. Cont'l Airlines, Inc.*, 755 F. Supp. 2d 1211, 1214 (M.D. Fl. 2010), but *not* oral assertions, *Callen v. Callen*, 827 F. Supp. 2d 214, 216 (S.D.N.Y. 2011).

An agreement to settle all claims, without more, is not a formal trigger that establishes solid and unambiguous information that a case is removable. An agreement to settle may be "fraught with uncertainty [or] thwarted by a last minute change of heart or a debate over minutiae at the signing table." *Allison v. Meadows*, No. 2:05-92, 2005 WL 2016815, at *3 (S.D.W. Va. Aug. 22, 2005). Further, the uncertainty surrounding an agreement to settle is increased if all parties are not privy to the same information. *See Dufrene v. Petco Animal Supplies Stores, Inc.*, 934 F. Supp. 2d 864, 868 (M.D. La. 2012).

Here, Fifth Third did not have solid and unambiguous information that the non-diverse defendant was dismissed from the action until July 16, 2014. Although Fifth Third participated in the global mediation on May 14, 2014, Fifth Third did not receive a formal trigger until Friedlander agreed to dismiss with prejudice all claims against St. Thomas Glen Resorts. Any oral representations between May 14 and July 16 would have been insufficient to start the thirty-day clock for Fifth Third's removal petition. *Callen*, 827 F. Supp. 2d at 216. They did not "sit upon information." Fifth Third filed their removal petition one week after the State Court dismissed the non-diverse defendant. Fifth Third's prompt filing illustrates earnestness, not chicanery.

Accordingly, **IT IS ORDERED** that the plaintiff's motion to remand (DE 4) is **DENIED**.

Dated this 17th day of October, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY